RECEIVED
DEC 22 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
BY_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

UNITED STATES OF AMERICA
v
THOMAS WILLIAM MALONE, JR

CRIMINAL NO. 12-00146-03
JUDGE ELIZABETH FOOTE
MAGISTRATE JUDGE HANNA

**PRESENT:**
HON.  ELIZABETH E. FOOTE   JUDGE
      LaRae Bourque        COURT REPORTER
      Kathy Keifer         COURTROOM DEPUTY

DATE: December 16, 2014
COURT OPENED: 10:10 a.m.
COURT CLOSED: 1:15 p.m.
TIME IN COURT: 00:35

## MINUTES OF COURT - SENTENCING (evidentiary)

DEFENDANT: **THOMAS WILLIAM MALONE, JR.**

_X_ Defendant present
___ Defendant in custody
_X_ Defendant on bond
___ Remanded to custody
___ Personal Recognizance Bond
___ Bond not made, remanded to custody
___ Failed to appear, warrant ordered
___ Appearance Bond signed (AO 98)

GOVERNMENT COUNSEL:  Luke Walker
                     Robert Abendroth
                     Collin Sims
DEFENSE COUNSEL:     Steven Sadow (retained)

_X_ **CASE CALLED FOR SENTENCING**

   _X_ Defendant and counsel advised the Court that they have read the Presentence Report
   _X_ Objections by Defendant to Presentence Report addressed and ruled on accordingly
   _X_ Defendant advised of right to appeal

**COMMENTS:**

The Court conducted an evidentiary hearing to determine the following: First, what is the weight of AM-2201 attributable to the defendant. Mr. Malone had stipulated in his plea agreement that he was responsible for selling and/or distributing, through NutraGenomics, not less than 1,400 kilograms of controlled dangerous substance analogues, including AM-2201. Second, because AM-2201 is not a referenced drug under U.S.S.G. 2D1.1, the Court, in accordance with the criteria set forth in U.S.S.G. 2D1.1, n.6, determined that the "most closely related controlled substance" in the Guidelines is THC. This results in an equivalency of AM-2201 to marijuana in the ratio of 1 to 167. Third, all defendants contended that even if the Court did find that the "most closely related controlled substance" to AM-2201 was THC, the Court should reject the 167:1 marijuana to THC ratio assigned by the Guidelines under the authority of Kimbrough v. U.S. The Court declined to adopt this position. Lastly, Mr. Malone argued that the quantity of drugs for which he is held responsible should be calculated by converting the raw AM-2201 to a quantity of Mr. Miyagi "potpourri" product. The Court noted that Mr. Green's drug quantity had been calculated based on the weight of the raw analogues to which he had stipulated because this was the form of the drugs at the time he received them. The defendant's objections to all the Court's rulings were noted and preserved for the record.

After a sealed conference with the defendant and counsel, as well as testimony presented during that conference, the Court **GRANTED** [884] SEALED motion and **DENIED as moot** [911] Defendant's SEALED Motion. After all sealed motions for each defendant were ruled on by the Court, the Court then proceeded to the sentencing hearing.

Pursuant to the Sentencing Reform Act of 1984 and considering the provisions found in 18 U.S.C. § 3553, the defendant is hereby committed to the custody of the Bureau of Prisons for a term of 117 months as to Count 1 of the Superseding Indictment.

Upon release from imprisonment, the defendant shall be placed on supervised release for a period of 3 years.

The defendant shall immediately pay the special assessment of $100.00 to the U.S. Clerk of Court, if not already paid.

The Court orders that the defendant pay a fine in the amount of $20,000 to the U.S. Clerk of Court, due and payable immediately. The Court orders that the interest requirement on the fine be waived.

It is the recommendation of the Court that the defendant be evaluated for medical purposes and be designated to a facility wherein he may receive appropriate medical care. The Court further recommends that the defendant be designated to a facility as close to his home in Atlanta, Georgia, as possible.

The defendant is to self-report to the facility designated by the BOP before 2:00 p.m. on January 28, 2015.

The Government moved to dismiss the remaining counts of the Superseding Indictment filed against the defendant, and the Court granted that motion.

The defendant is notified of his right to appeal.  If a notice of appeal is filed under 18 U.S.C. § 3742, for a Review of Sentence, the Clerk is directed to transmit the Presentence Report, under seal, to the Court of Appeals.